

FILED
CLERK, U.S. DISTRICT COURT

2/24/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>ANTONI CENDEJAS SOLANO,<br><br>             Defendant. | CR   2:26-cr-00094-PA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1), (8):<br>Prohibited Person in Possession of<br>Ammunition; 18 U.S.C. § 924(d)(1)<br>and 28 U.S.C. § 2461(c): Criminal<br>Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1), (8)]

On or about January 15, 2026, in Los Angeles County, within the Central District of California, defendant ANTONI CENDEJAS SOLANO knowingly possessed ammunition, namely, eight rounds of Giulio Fiocchi in Lecco (GFL) 9mm Luger caliber ammunition, each in and affecting interstate and foreign commerce, that was loaded into the magazine of a privately manufactured 9mm caliber semiautomatic pistol, bearing no serial number (commonly referred to as a "ghost gun").

Defendant CENDEJAS SOLANO possessed such ammunition knowing that he previously had been convicted of at least one of the following

felony crimes in the Superior Court of the State of California, County of Los Angeles, each punishable by a term of imprisonment exceeding one year:

1.   Vehicle Theft, in violation of California Vehicle Code Section 10851(a), Case Number NA110986, on or about January 23, 2019;

2.   Vandalism, in violation of California Penal Code Section 594(a), Case Number NA111185, on or about May 14, 2019;

3.   Grand Theft: Automobile, in violation of California Penal Code Section 487(d)(1), Case Number NA113464, on or about January 2, 2020;

4.   Attempted Murder, in violation of California Penal Code Sections 664 and 187(a), Case Number NA115694, on or about March 9, 2021; and

5.   Felon in Possession of a Firearm, in violation of California Penal Code Section 29900(a)(1), Case Number 25LBCF01604, on or about September 30, 2025.

Additionally, defendant CENDEJAS SOLANO possessed such ammunition knowing that he was subject to a court order issued on or about July 17, 2025, reissued on or about July 24, 2025, and reissued again on or about October 3, 2025, in the Superior Court of the State of California, County of Los Angeles, Case Number 25LBCM02566, each of which was issued after hearings of which defendant CENDEJAS SOLANO received actual notice and at which he had an opportunity to participate, restraining him from harassing, stalking, and threatening an intimate partner, that by its terms explicitly prohibited the use, attempted use, and threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2.    Defendant, if so convicted, shall forfeit to the United States of America the following:

a.    All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

i.    One unserialized Polymer80, model PF940V2 9mm pistol body;

ii.   One Glock 9mm firearm magazine; and

iii.  Eight rounds of Giulio Fiocchi in Lecco (GFL) 9mm Luger caliber ammunition.

b.    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has

3

been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                    A TRUE BILL


                                    /S/_____
                                    Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney



ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

KEVIN J. BUTLER
Assistant United States Attorney
Chief, Major Crimes Section

DIANE ROLDÁN
Assistant United States Attorney
Major Crimes Section

4